## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHARLES STOKES,

     Plaintiff,

     v.                                          No. CIV 15-00079 RB-SCY

KARI BRANDENBURG, *District Attorney for Bernalillo County*, NATALIE STRUB, *Assistant District Attorney for Bernalillo County*, and RUSS LANDAVISO, Police Officer, *Albuquerque Police Department*,

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appears pro se, and has filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  [Doc. 2]  The required filing fee for this civil rights complaint is $350.00.  Plaintiff will be required to pay the full amount of the filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Based on the information about Plaintiff's financial status, the Court will grant Plaintiff leave to proceed in forma pauperis and waive the initial partial payment pursuant to § 1915(b)(1).  For the reasons set out below, Plaintiff's civil rights complaint will be dismissed in part.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently

obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Russ Landaviso, a police officer employed by the Albuquerque Police Department, fabricated evidence, withheld exculpatory evidence, changed witness statements, presented witnesses with suggestive photographic arrays, and arrested Plaintiff without probable cause for a crime he did not commit. The complaint further alleges that Defendant Kari Brandenburg, District Attorney for Bernalillo County, and Defendant Natalie Strub, Assistant District Attorney for Bernalillo County, maliciously prosecuted the case and sought an excessive amount of bail in the amount of $500,000.   Plaintiff alleges that he was incarcerated for fifteen months for a crime that he did not commit, until he was released after prevailing on a motion for directed verdict.   Plaintiff claims that Defendants actions violated his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution and seeks monetary damages for emotional harm, anxiety, diminished enjoyment, loss of autonomy privacy, slander, pain and suffering, distress, false arrest, false imprisonment, and malicious prosecution.

Defendants Brandenburg and Jones are immune to Plaintiff's claims in this § 1983 action. As the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th

Cir. 2012).   Because Defendants Brandenburg and Jones took the alleged actions as part of the

state's prosecution of a criminal proceeding, the Court will dismiss Plaintiff's claims against them.

Turning to Plaintiff's Fifth Amendment claim against Defendant Landaviso, the Court

notes that the Fifth Amendment protection against the deprivation of "life, liberty, or property,

without due process of law" is not applicable to the states.   *See Sawyer v. Burke*, 504 F. App'x

671, 673 (10th Cir. 2012) (dismissing the plaintiff's Fifth Amendment due process claim because

the plaintiff had "only alleged constitutional violations committed by agents of the State of

Kansas, not the federal government.   Therefore, the Due Process Clause of the Fifth Amendment

is not implicated.").   However, the Fourteenth Amendment prohibits states from depriving "any

person of life, liberty, or property, without due process of law."   U.S. Const. amend. XIV.

Therefore, the Court will liberally construe Plaintiff's Fifth Amendment due process claim as a

Fourteenth Amendment due process claim.   *See Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th

Cir. 2004) (recognizing that although "[t]he initial seizure is governed by the Fourth Amendment .

. . at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the

Due Process Clause" (citation and footnote omitted)); *see also Haines v. Kerner*, 404 U.S. 519,

520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed).

Plaintiff alleges that the amount of his bail was excessive, in violation of the Eighth

Amendment.   *See* U.S. Const. amend. VIII ("Excessive bail shall not be required . . . .").   In New

Mexico, however, the amount of bail is the province of the presiding judge, not the officer who

conducted the criminal investigation.   *See* NMRA Rule 5-401(A) (providing, in the district court,

that the amount of the bond will be "set by the court"); NMRA Rule 6-401(A) (providing, in

magistrate court, that the amount of the bond will be "set by the court").   Plaintiff's complaint

does not allege that Defendant Landaviso had any involvement in the amount of bail set by the

court.   *See Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974) (dismissing the plaintiff's eighth amendment excessive bail claim against an investigating officer because he "was not the one who had responsibility to set the bail. The bail was set by a state court judge . . . ."); *Moral v. Hagen*, No. 10–2595–KHV, 2012 WL 1788642, at \*4 (D. Kan. May 17, 2012) (dismissing the plaintiff's eighth amendment excessive bail claim against an investigating officer because "the amount of the bail is the province of the state magistrate judges").   Therefore, Plaintiff's Eighth Amendment excessive bail claim against Defendant Landaviso will be dismissed.

The Complaint also alleges that Plaintiff's pretrial detention constituted cruel and unusual punishment in violation of the Eighth Amendment, because there was "overwhelming evidence" of Plaintiff's innocence.   However, "the Government may permissibly detain a person suspected of committing a crime prior to formal adjudication of guilt," so long as the conditions of confinement do not "amount to punishment of the detainee."   *Bell v. Wolfish*, 441 U.S. 520, 534-35 (1979); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (noting that "the Constitution does not mandate comfortable prisons . . . [t]o the contrary, jail conditions may be restrictive and even harsh without violating" the Eighth Amendment) (citations and internal quotation marks omitted)).   Plaintiff does not challenge the conditions of his confinement during his pretrial detention; instead he alleges that he should not have "had to endure being in jail" for a crime he did not commit.   As previously indicated, "[t]he characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court." *Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 437 (10th Cir. 1992).   The Court has the authority to "ignore the legal label that a pro se litigant attaches to" a claim and to recharacterize the claim "in order to place it within a different legal category . . . in order to avoid an unnecessary dismissal . . . or to create a better correspondence between the substance of a pro se

4

. . . claim and its underlying basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (citations omitted).  Based on the foregoing, the Court will liberally construe Plaintiff's Eighth Amendment cruel and unusual punishment claim as part of his Fourth and Fourteenth Amendment claims.

IT IS THEREFORE ORDERED Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is GRANTED and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Brandenburg and Strub are DISMISSED and Defendants Brandenburg and Strub are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment excessive bail claim against Defendant Landaviso is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the complaint (Doc. 1), to Defendant Landaviso.

IT IS SO ORDERED.

_____

UNITED STATES DISTRICT JUDGE